## A09A1641. GARCIA v. THE STATE.

(689 SE2d 123)

ADAMS, Judge.

Christina Deann Garcia entered a guilty plea to six counts of violating OCGA § 16-9-4. She appeals, arguing that she was improperly sentenced. The State agrees that Garcia must be resentenced, but disagrees with her contentions concerning the manner in which the sentence should be calculated.

The record shows that Garcia was originally sentenced to twenty years, eight years to be served in prison and the remainder on probation. Garcia challenged her original sentence in the trial court, and on December 15, 2008,[1] she was resentenced to ten years on Count 1, ten years probation on Count 2, to run consecutive to Count 1, and ten years on Counts 3 through 6. The sentence further specified that "upon service of [eight years] of said sentence in confinement, the balance of [twelve years] to be served on probation."

Garcia now contends that this sentence too was improper because she should have been sentenced for a misdemeanor pursuant to OCGA § 16-9-4 (c) (1) for her "first offense" conviction on Count 1. Further, Garcia argues that under the rule of lenity, she should have been sentenced to no more than three years on each of the remaining offenses pursuant to OCGA § 16-9-4 (c) (2).

However, as the State points out, the punishments Garcia

---

[1] Although OCGA § 16-9-4 was amended effective July 1, 2008, that amendment does not affect the analysis or result here. That Code section was again amended effective October 1, 2009.

contends are applicable here apply, inter alia, to first and subsequent violations of OCGA § 16-9-4 (b) (2). While that subsection makes it unlawful to knowingly manufacture false, fraudulent or fictitious identification documents, the charges to which Garcia pled guilty tracked the language of OCGA § 16-9-4 (b) (5), which contains the additional element that the document contain the logo or legal or official seal, or any colorable imitation thereof, of a government agency.[2]

The punishment for violating OCGA § 16-9-4 (b) (5) is specifically set forth in OCGA § 16-9-4 (c) (4), which specifies a range of one to five years imprisonment. And a first offense for violating OCGA § 16-9-4 (b) (5) is not listed among those that should be treated as a misdemeanor pursuant to OCGA § 16-9-4 (c) (1); thus, Garcia was not entitled to the sentence she contends is applicable on Count 1. Likewise, OCGA § 16-9-4 (c) (2), which specifies punishments for second or subsequent offenses for violations of certain other subsections of OCGA § 16-9-4 (b), does not apply to a violation of OCGA § 16-9-4 (b) (5).[3]

Although we reject Garcia's contentions concerning the specific sentence that must be imposed, we do agree that Garcia must be resentenced. As stated above, the range of punishment for a violation of OCGA § 16-9-4 (b) (5), as set forth in OCGA § 16-9-4 (c) (4), is one to five years imprisonment, not the ten years imposed by the trial court. Accordingly, the sentence in this case must be vacated and the case remanded to the trial court for resentencing in accordance with this opinion.

*Sentence vacated and case remanded. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 5, 2010.

*Daniel L. Henderson*, for appellant.

---

[2] More specifically, Garcia was charged with manufacturing two cards purporting to be resident alien identification cards issued by the United States Department of Homeland Security (Counts 1 and 2), three cards purporting to be social security cards issued by the United States government (Counts 4, 5 and 6) and one card purporting to be an identification card issued by the State of North Carolina (Count 3).

[3] We note also that OCGA § 16-9-4 (c) (3) is likewise not applicable here, since none of the charges against Garcia alleged the manufacture of more than one document, although testimony was presented at the plea hearing that more than 300 documents were found on the hard drive of her computer.

*Peter J. Skandalakis, District Attorney, Adam P. Taylor, Jeffery W. Hunt, Assistant District Attorneys*, for appellee.